IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

MICHAEL GORDON, )
)
Plaintiff, )
)
v. ) No. 04-L-104
)
VERMEER MANUFACTURING )
COMPANY, )
)
Defendant. )

04-166-MJR

FILED
FEB 03 2004
CLERK OF CIRCUIT COURT #18
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

FILED
MAR 08 2004
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

## COMPLAINT

### COUNT I

COMES NOW the plaintiff, Michael Gordon, by his attorney, Robert H. Gregory, and complaining of the defendant, Vermeer Manufacturing Company, and for cause of action, states:

1. Plaintiff is a resident of Moro, Madison County, Illinois.

2. Defendant is a foreign corporation authorized to do business and doing business in Madison County, Illinois.

3. Defendant is in the business of designing and manufacturing, inter alia, stump cutting machines utilized in the process of tree stump removal, and had, prior to February 18, 2002, designed, manufactured and delivered to plaintiff's employer, a certain Model 222 stump cutter, Serial Number 516, for such a purpose.

4. At all times relevant hereto, defendant owed a duty to plaintiff and others who might utilize such machinery, to exercise ordinary care in the design and/or manufacture of its machinery so as not to cause injury or damages to such users.

5. In derogation of such duty, the defendant was negligent in the design or manufacture of its stump cutting machine in one or more of the following ways, which negligence was the proximate cause of the February 18th, 2002 injury to plaintiff as hereinafter alleged:

a. Defendant negligently designed and/or manufactured its stump cutter without a brake or other stopping device to prevent the stump grinding wheel and teeth of the machine to continue to rotate after the machine's clutch was disengaged;

b. Defendant negligently designed and/or manufactured its stump cutter without an adequate safety guard surrounding the stump grinding wheel and teeth of the machine so as to prevent operator entanglement with moving parts of the machine;

c. Defendant negligently designed and/or manufactured its stump cutter without a safety interlock device to stop the grinding wheel and teeth of the machine in the event of operator entanglement with moving parts of the machine;

d. Defendant negligently designed and/or manufactured its stump cutter without adequate warnings to plaintiff or other foreseeable users of the machine that the grinding wheel and teeth of the machine continued to rotate after the machine's clutch was disengaged.

6. Plaintiff sustained severe and permanent injuries to his right leg and foot on February 18, 2002, when he was drawn into the moving stump grinding wheel and teeth of the machine. He has in the past and will in the future expend and become liable for large sums of money for physician, hospital and nursing care and attention in and about endeavoring to become healed and cured of his injuries, and has in the past and will in the future lose large sums of money due to loss of employment and physical disability from said injuries, and has and will in the future experience great pain and suffering as a result of his injuries, all to his damage in a sum in excess of $50,000.00.

WHEREFORE, plaintiff, MICHAEL GORDON, prays for judgment in his favor and against the defendant, VERMEER MANUFACTURING COMPANY, for an amount

in excess of FIFTY THOUSAND DOLLARS ($50,000.00), together with costs of suit, and such other and further relief as the Court and jury may deem just and proper.

## COUNT II

COMES NOW the plaintiff, Michael Gordon, by his attorney, Robert H. Gregory, and complaining of the defendant, Vermeer Manufacturing Company, and for cause of action, states:

1. Plaintiff is a resident of Moro, Madison County, Illinois.

2. Defendant is a foreign corporation authorized to do business and doing business in Madison County, Illinois.

3. Defendant is in the business of designing and manufacturing, inter alia, stump cutting machines utilized in the process of tree stump removal, and had, prior to February 18, 2002, designed, manufactured and delivered to plaintiff's employer, a certain Model 222 stump cutter, Serial Number 516, for such a purpose.

4. The Model 222 stump cutter designed and manufactured by defendant, or its agents and employees acting within the scope of their employment, was unreasonably dangerous and/or defective in one or more of the following ways:

a. The stump cutter designed and/or manufactured by defendant lacked a brake or other stopping device to prevent the stump grinding wheel and teeth of the machine from continuing to rotate after the machine's clutch was disengaged;

b. The stump cutter designed and/or manufactured by defendant lacked an adequate safety guard surrounding the stump grinding wheel and teeth of the machine so as to prevent operator entanglement with moving parts of the machine;

c. The stump cutter designed and/or manufactured by defendant lacked a safety interlock device to stop the grinding wheel and teeth of the machine in the event of operator entanglement with moving parts of the machine;

d. The stump cutter designed and/or manufactured by defendant lacked adequate safety warnings to plaintiff or other foreseeable users of the machine that the grinding

wheel and teeth of the machine continued to rotate after the machine's clutch was disengaged.

5. The afore-mentioned unreasonably dangerous and defective conditions set forth in Paragraph "4", supra., existed at the time the Model 222 stump cutter left the defendant's control and was placed into the stream of commerce by defendant.

6. That one or more of the unreasonably dangerous and defective conditions created by defendant in the design and/or manufacture of the Model 222 stump cutter was the proximate cause of the injuries to plaintiff, as hereinafter alleged.

7. Plaintiff sustained severe and permanent injuries to his right leg and foot on February 18, 2002, when he was drawn into the moving stump grinding wheel and teeth of the machine. He has in the past and will in the future expend and become liable for large sums of money for physician, hospital and nursing care and attention in and about endeavoring to become healed and cured of his injuries, and has in the past and will in the future lose large sums of money due to loss of employment and physical disability from said injuries, and has and will in the future experience great pain and suffering as a result of his injuries, all to his damage in a sum in excess of $50,000.00.

WHEREFORE, plaintiff, MICHAEL GORDON, prays for judgment in his favor and against the defendant, VERMEER MANUFACTURING COMPANY, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), together with costs of suit, and such other and further relief as the Court and jury may deem just and proper.

Respectfully Submitted,

_____
Robert H. Gregory IL#03122358
Attorney for Plaintiff
2 Terminal Drive, Suite 19
East Alton, IL 62024
PH: 618/258-7226
FAX: 618/258-7430